# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| KIMBERLY STARLING, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br>     v.<br><br>NEWSMAX MEDIA, INC.<br><br>                    Defendant. | Case No. 24-797<br><br>**JURY TRIAL DEMANDED** |

## JOINT REPORT REGARDING CONTENTS OF SCHEDULING ORDER

Pursuant to this Court's Order of August 26, 2024 ordering the Parties to file a Joint Report Regarding Contents of Scheduling Order (Dkt. No. 10), the Parties jointly file this Joint Report Regarding Contents of Scheduling Order as follows:

1. **A brief statement of the claims and defences**

    a. <u>Plaintiff's Position</u>: The Plaintiff brings this class action on behalf of herself and others similarly situated as a result of the Defendant's highly illegal conduct in contacting her cellular telephone number, which is on the National Do Not Call Registry, without consent using pre-recorded voices. The Plaintiff also takes issue with this call, which was a pretext for subsequent text messages which were sent as a result of this call, which were sent by Newsmax to advertise its television services, in violation of the Texas Business and Commerce Code.

    b. <u>Defendant's Position</u>: Defendant denies that it violated the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, or the Texas Telemarketing Registration Act ("TTRA"), Tex. Bus. & Com. Code § 302.101.  Defendant further denies the allegations set forth in Plaintiff's Complaint, denies that Plaintiff is entitled to bring this action on behalf of any class, and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

2. **A proposed time limit to file motions for leave to join other parties:** November 21, 2024.

3. **A proposed time limit to amend the pleadings:** November 21, 2024.

4. **Proposed time limits to file various types of motions, including dispositive motions (NOTE: The dispositive motion deadline cannot be less than 90 days before trial; the Court prefers 120 days):** May 13, 2025.[1]

5. **A proposed time limit for initial designation of experts:** January 15, 2025.

6. **A proposed time limit for responsive designation of experts:** February 17, 2025.

7. **A proposed time limit for objections to experts (*i.e.*, Daubert and similar motions):** April 14, 2025.

8. **A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues:**

    a. <u>Plaintiff's Position</u>: The Plaintiff proposes March 14, 2025 as the discovery cut off for all discovery, to proceed as one on all aspects of discovery, including expert, class, merits, and arbitration discovery. The Plaintiff will need to seek classwide discovery on the calling conduct at issue, including the calling records themselves, the content and scripting of the calls, the number

---

[1] The parties appreciate the general deadline cadence and schedules set by this Court in other putative TCPA and state telemarketing law class actions, such as *Cunningham v. Daybreak Solar Power, LLC*, No. 4:22-cv-00599-O (N.D. Tex.) (Dkt. No. 44), and *Starling v. J Wales Home Solutions LLC*, No. 4:21-cv-01261-O (N.D. Tex.) (Dkt. No. 17), and have attempted to follow those general schedules in this Joint Report. However, Defendant and Defendant's in-house counsel are set to begin trial in a defamation action brought by election technology firm Smartmatic USA Corp. in Delaware on September 30, 2024. That trial is expected to last approximately one month and will occupy virtually all of Defendant's in-house counsel's time for the duration of the trial. *See Smartmatic USA Corp. v. Newsmax Media, Inc*., No. N21C-11-028 (Del. Super. Ct.), Docket *generally*. Accordingly, the parties' proposed scheduling dates account for that trial by extending several of the earliest case deadlines slightly from those in the *Daybreak Solar* and *J Wales Home Solutions* cases.

of calls that were sent to the Plaintiff and the Class, Defendant's policies and procedures regarding TCPA compliance, and discovery related to any vendors or third parties which may have placed the calls or which otherwise may be liable for the calling conduct at issue. Discovery will also focus on whether these "survey" calls were a marketing strategy for Newsmax to market its television services in violation of the Texas Business and Commerce Code, and related discovery appurtenant to the Texas Business and Commerce Code Claims. The Plaintiff will need to take between 3-5 depositions, including of the Defendant's 30(b)(6) representatives, and other individual Rule 30 witnesses, any of the Defendant's experts, and representatives and witnesses associated with any third parties which may have been involved.

b. <u>Defendant's Position</u>: Given the trial identified above, *see* n.1 *supra*, Defendant proposes that the deadline for the completion of all discovery (class, merits, expert, and arbitration discovery) be April 7, 2025.  Defendant intends to take the deposition of Plaintiff, all witnesses identified by Plaintiff in her Initial Disclosures, and all witnesses who may become known during the course of discovery.  Defendant intends to request the following documents or categories of documents, but reserves its right to seek additional documents or categories of documents depending on what discovery shows:

- The specific factual allegations contained in Plaintiff's Complaint;
- The subscriber and/or regular user of the telephone number at which the complained-of calls and text messages were received;

- Plaintiff's family members' use of the telephone number at which the complained-of calls and text messages were received, and how that number has been provided to government entities;

- Plaintiff's telephone number(s) and messaging plan(s);

- Plaintiff's TCPA and TTRA litigation and pre-suit demand history, including any settlements arising out of the same;

- Plaintiff's engagement letter/retention agreement with her counsel;

- Any fee sharing agreements between Plaintiff or her counsel and third-party financiers;

- Plaintiff's federal and state income tax returns; and

- Purported class membership, including the prior express consent of the putative class members given to Defendant.

Defendant believes it will need to take between three and five depositions, including of Plaintiff, her husband and sister, and other potential party and/or third-party fact witnesses, and Plaintiff's experts.

9. **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:** None right now.

10. **Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI:** The parties will cooperate in good faith to disclose and proceed with efficient production of ESI in due course and with appropriate formatting. There are currently no disputes regarding the disclosure or discovery of ESI.

11. **Any proposals regarding the handling and protection of privileged or trial preparation material that should be reflected in a Court Order:** The Parties intend to negotiate the terms of a protective order in order to facilitate the flow of information and treatment of inadvertently-produced privileged information and documents, and attorney work product pursuant to Fed. R. Evid. 502

12. **A proposed trial date, estimated number of days required for trial and whether a jury has been demanded (NOTE: Generally, the proposed trial date should be approximately one year after the date the initial complaint was filed):** September 15, 2025. The parties anticipate that a trial will take four or five days. A Jury has been demanded.

13. **A proposed date for further settlement negotiations:** December 16, 2024.

14. **Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made:** There are no objections. The disclosures under Rule 26(a)(1) will be made by September 23, 2024.

15. **Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge Cureton or U.S. Magistrate Judge Ray (if all parties consent, please submit the attached consent form):** The parties will not jointly consent to trial before a U.S. Magistrate Judge.

16. **Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.), and, if mediation**

**is proposed, the name of any mediator the parties jointly recommend to mediate the case:** The Parties are open to mediation to resolve the case and will explore mediation after they have conducted some initial discovery into the calling conduct at issue, including the classwide aspects thereof.

17. **Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial:** The parties propose that Plaintiff's motion for class certification be filed by May 6, 2025, that defendant's response thereto by filed by June 6, 2025, and that Defendant's reply in further support of her class certification motion, if any, be filed by June 20, 2025.

18. **Whether a conference with the Court is desired:** The parties leave the ordering of a conference to within the trial court's sound discretion.

19. **Any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under R. 16(b) and (c) and 26(c):** None at this time.

Dated: September 23, 2024

| PLAINTIFF, | DEFENDANT, |
|---|---|
| */s/ Anthony Paronich* | */s/ Paul J. Stancil* |
| Anthony Paronich | Paul J. Stancil |
| Email: anthony@paronichlaw.com | State Bar No. 00797488 |
| PARONICH LAW, P.C. | STEPTOE LLP |
| 350 Lincoln Street, Suite 2400 | 14106 Rocksprings Court |
| Hingham, MA 02043 | Dallas, TX 75254 |
| Telephone: (617) 485-0018 | Telephone: (713) 221-2321 |
| Facsimile: (508) 318-8100 | pstancil@steptoe.com |
| | |
| Andrew Roman Perrong | Daniel S. Blynn (*pro hac vice* forthcoming) |
| Perrong Law LLC | Emily C. Tifft (*pro hac vice* forthcoming) |
| 2657 Mount Carmel Avenue | STEPTOE LLP |

Glenside, PA 19038
Telephone: (215) 225-5529
Facsimile: (508) 318-8100
a@perronglaw.com

1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
dblynn@steptoe.com
etifft@steptoe.com