UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KIMBERLY STARLING, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br>v.<br><br>NEWSMAX MEDIA, INC.,<br><br>     Defendant. | Case No. 4:24-cv-00797-O |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

  Defendant Newsmax Media, Inc. ("Newsmax"), by and through its undersigned attorneys, hereby files its Answer and Affirmative Defenses to the Complaint (Dkt. No. 1-1). Newsmax denies each and every allegation not specifically admitted, qualified, or explained, and in response to each of the numbered allegations in the Complaint states as follows:

**I. INTRODUCTION**

  1. The allegations contained in Paragraph 1 of the Complaint purport to characterize a Telephone Consumer Protection Act ("TCPA") decision and, thus, state a legal conclusion to which no response is required. To the extent a response is required, Newsmax specifically denies Plaintiff's characterization of that decision to the extent that such characterization is incomplete or inaccurate, and respectfully refers the Court to the full text of that decision.

  2. The allegations contained in Paragraph 2 of the Complaint purport to characterize a TCPA decision and, thus, state a legal conclusion to which no response is required. To the extent a response is required, Newsmax specifically denies Plaintiff's characterization to the extent that such characterization is incomplete or inaccurate, and respectfully refers the Court to the full text of that decision.

1

3. Newsmax admits that Plaintiff purports to bring this case and her claims under the TCPA, as alleged in Paragraph 3 of the Complaint. However, Newsmax specifically denies that it made any prerecorded message calls to Plaintiff, that it has violated the TCPA, that Plaintiff is entitled to bring this action on behalf of any class, or that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

4. Newsmax admits that Plaintiff purports to bring this case and her claims on behalf of a class, as alleged in Paragraph 4 of the Complaint. However, Newsmax specifically denies that it placed any telemarketing calls to Plaintiff, that it has violated the TCPA, that Plaintiff is entitled to bring this action on behalf of any class, or that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

## II. PARTIES

5. Newsmax is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5 of the Complaint and, therefore, denies such allegations.

6. Newsmax denies the allegations contained in Paragraph 6 of the Complaint except that it admits that its headquarters and primary place of business are located in Florida.

## III. JURISDICTION AND VENUE

7. The allegations contained in the first sentence of Paragraph 7 of the Complaint assert legal conclusions to which no response is required. To the extent a response is necessary, Newsmax admits that this Court has subject matter jurisdiction over this action. Newsmax further states that the Second Cause of Action asserted in the Complaint – alleging violation of the Texas Telemarketing Registration Act, Tex. Bus. & Com. Code § 302.101(a) – has been dismissed. *See* Dkt. No. 19. Thus, no response is required with respect to the allegations contained in the second sentence of Paragraph 7. To the extent a response is required, Newsmax denies the allegations contained in the second sentence of Paragraph 7

8. The allegations contained in Paragraph 8 of the Complaint assert legal conclusions to which no response is required. To the extent a response is necessary, Newsmax admits that this Court has personal jurisdiction over it but denies the remaining allegations contained in Paragraph 8.

9. The allegations contained in Paragraph 9 of the Complaint assert legal conclusions to which no response is required. To the extent necessary, Newsmax admits that venue in this District is appropriate but denies the remaining allegations contained in Paragraph 9, and specifically denies that it placed any telemarketing calls to Plaintiff or violated the TCPA.

## IV.   FACTS

### A.   The Enactment of the TCPA and its Regulations

10. The allegations contained in Paragraph 10 of the Complaint purport to characterize the legislative history of the TCPA and, thus, state a legal conclusion to which no response is required. To the extent a response is required, Newsmax specifically denies Plaintiff's characterization to the extent that such characterization is incomplete or inaccurate, and respectfully refers the Court to the full text of that legislative history.

11. The allegations contained in Paragraph 11 of the Complaint purport to characterize a statute and, thus, state a legal conclusion to which no response is required. To the extent a response is required, Newsmax specifically denies Plaintiff's characterization to the extent that such characterization is incomplete or inaccurate, and respectfully refers the Court to the full text of that statute.

12. The allegations contained in Paragraph 12 of the Complaint purport to characterize a statute and, thus, state a legal conclusion to which no response is required. To the extent a response is required, Newsmax specifically denies Plaintiff's characterization to the extent that such characterization is incomplete or inaccurate, and respectfully refers the Court to the full text of that statute.

13. The allegations contained in Paragraph 13 of the Complaint purport to characterize the contents of Federal Communications Commission ("FCC") findings and, thus, state a legal conclusion to which no response is required. To the extent a response is required, Newsmax specifically denies Plaintiff's characterization to the extent that such characterization is incomplete or inaccurate, and respectfully refers the Court to the full text of those findings.

14. The allegations contained in Paragraph 14 of the Complaint purport to characterize the contents of congressional findings and a TCPA decision and, thus, state a legal conclusion to which no response is required. To the extent a response is required, Newsmax specifically denies Plaintiff's characterization to the extent that such characterization is incomplete or inaccurate, and respectfully refers the Court to the full text of that decision.

15. The allegations contained in Paragraph 15 of the Complaint purport to characterize the contents of a TCPA decision and, thus, state a legal conclusion to which no response is required. To the extent a response is required, Newsmax specifically denies Plaintiff's characterization to the extent that such characterization is incomplete or inaccurate, and respectfully refers the Court to the full text of that decision.

16. The allegations contained in Paragraph 16 of the Complaint purport to characterize an FCC press release and, thus, state a legal conclusion to which no response is required. To the extent a response is required, Newsmax specifically denies Plaintiff's characterization to the extent that such characterization is incomplete or inaccurate, and respectfully refers the Court to the full text of that decision.

17. The allegations contained in Paragraph 17 of the Complaint purport to characterize a TCPA decision and, thus, state a legal conclusion to which no response is required. To the extent a response is required, Newsmax specifically denies Plaintiff's characterization to the extent that

such characterization is incomplete or inaccurate, and respectfully refers the Court to the full text of that decision.

### B. The Texas Business and Commerce Code

18. The Second Cause of Action has been dismissed (*See* Dkt. No. 19), and thus, no response is required. To the extent a response is required, Newsmax states that the allegations contained in Paragraph 18 of the Complaint purport to characterize a statute. Newsmax specifically denies the characterization of that statute to the extent such characterization is incomplete or inaccurate, and respectfully refers the Court to the full text of the statute.

19. The Second Cause of Action has been dismissed (*See* Dkt. No. 19), and thus, no response is required. To the extent a response is required, Newsmax states that the allegations contained in Paragraph 19 of the Complaint purport to characterize a statute. Newsmax specifically denies the characterization of that statute to the extent such characterization is incomplete or inaccurate, and respectfully refers the Court to the full text of the statute.

20. The Second Cause of Action has been dismissed (*See* Dkt. No. 19), and thus, no response is required. To the extent a response is required, Newsmax states that the allegations contained in Paragraph 20 of the Complaint purport to characterize a statute. Newsmax specifically denies the characterization of that statute to the extent such characterization is incomplete or inaccurate, and respectfully refers the Court to the full text of the statute.

21. The Second Cause of Action has been dismissed (*See* Dkt. No. 19), and thus, no response is required. To the extent a response is required, Newsmax states that the allegations contained in Paragraph 21 of the Complaint purport to characterize a website and, thus, state a legal conclusion to which no response is required. To the extent a response is required, Newsmax specifically denies Plaintiff's characterization to the extent that such characterization is incomplete or inaccurate, and respectfully refers the Court to the full website.

### C. Unsolicited Telemarketing to Plaintiff

22. Newsmax admits the allegations contained in Paragraph 22 of the Complaint.

23. Newsmax is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 23 of the Complaint and, therefore, denies such allegations.

24. Newsmax is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 24 of the Complaint and, therefore, denies such allegations.

25. Newsmax is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 25 of the Complaint and, therefore, denies such allegations.

26. Newsmax denies the allegations contained in Paragraph 26 of the Complaint, and specifically responds that Plaintiff both consented to receipt of the alleged prerecorded message during a conversation with a live representative and launched the prerecorded message herself.

27. Newsmax admits the allegations contained in Paragraph 27 of the Complaint.

28. Newsmax denies the allegations contained in Paragraph 28 of the Complaint.

29. Newsmax denies the allegations contained in Paragraph 29 of the Complaint.

30. Newsmax denies the allegations contained in Paragraph 30 of the Complaint.

31. The Second Cause of Action for which the alleged text messages formed the basis has been dismissed (*See* Dkt. No. 19), and thus, no response is required. To the extent an answer is necessary, Newsmax admits that Plaintiff received two text messages that she consented to receive, as alleged in the first sentence of Paragraph 31 of the Complaint. Newsmax denies the allegations contained in the second and third sentences of Paragraph 31. The allegations contained the fourth sentence of Paragraph 31 of the Complaint purport to characterize text messages and a

webpage. Newsmax specifically denies the characterization of those text messages and webpage to the extent such characterizations are incomplete or inaccurate, and respectfully refers the Court to the full text messages and webpage.

32. Newsmax denies the allegations contained in Paragraph 32 of the Complaint.

33. Newsmax denies the allegations contained in Paragraph 33 of the Complaint.

34. Newsmax denies the allegations contained in Paragraph 34 of the Complaint.

35. Newsmax denies the allegations contained in Paragraph 35 of the Complaint.

36. Newsmax denies the allegations contained in Paragraph 36 of the Complaint, denies that Plaintiff is entitled to bring this action on behalf of any class, and further denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

## V.  CLASS ACTION ALLEGATIONS

37. The allegations contained in Paragraph 37 of the Complaint assert legal conclusions to which no response is required. To the extent an answer is necessary, Newsmax denies the allegations contained in Paragraph 37, denies that Plaintiff is entitled to bring this action on behalf of any class, and further denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

38. The allegations contained in Paragraph 38 of the Complaint assert legal conclusions to which no response is required. To the extent an answer is necessary, Newsmax denies the allegations contained in Paragraph 38, denies that Plaintiff is entitled to bring this action on behalf of any class, and further denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

39. The allegations contained in Paragraph 39 of the Complaint assert legal conclusions to which no response is required. To the extent an answer is necessary, Newsmax denies the allegations contained in Paragraph 39, denies that Plaintiff is entitled to bring this action on behalf of any class, and further denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

40. The allegations contained in Paragraph 40 of the Complaint assert legal conclusions to which no response is required. To the extent an answer is necessary, Newsmax denies the

allegations contained in Paragraph 40, denies that Plaintiff is entitled to bring this action on behalf of any class, and further denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

41. The allegations contained in Paragraph 41 of the Complaint assert legal conclusions to which no response is required. To the extent an answer is necessary, Newsmax denies the allegations contained in Paragraph 41, denies that Plaintiff is entitled to bring this action on behalf of any class, and further denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

42. The allegations contained in Paragraph 42 of the Complaint assert legal conclusions to which no response is required. To the extent an answer is necessary, Newsmax denies the allegations contained in Paragraph 42, denies that Plaintiff is entitled to bring this action on behalf of any class, and further denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

43. The allegations contained in Paragraph 43 of the Complaint assert legal conclusions to which no response is required. To the extent an answer is necessary, Newsmax denies the allegations contained in Paragraph 43, denies that Plaintiff is entitled to bring this action on behalf of any class, and further denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

44. Newsmax denies the allegations contained in Paragraph 44 of the Complaint.

45. Newsmax admits that Plaintiff seeks injunctive relief and monetary damages as alleged in Paragraph 45 of the Complaint. Newsmax, however, denies that it has violated the TCPA, and that Plaintiff is entitled to any injunctive relief or monetary damages.

46. The allegations contained in Paragraph 46 of the Complaint assert legal conclusions to which no response is required. To the extent an answer is necessary, Newsmax denies the allegations contained in Paragraph 46, denies that Plaintiff is entitled to bring this action on behalf of any class, and further denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

47. The allegations contained in Paragraph 47 of the Complaint assert legal conclusions to which no response is required. To the extent an answer is necessary, Newsmax denies the

allegations contained in Paragraph 47, denies that Plaintiff is entitled to bring this action on behalf of any class, and further denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

48. The allegations contained in Paragraph 48 of the Complaint assert legal conclusions to which no response is required. To the extent an answer is necessary, Newsmax denies the allegations contained in Paragraph 48, denies that Plaintiff is entitled to bring this action on behalf of any class, and further denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

49. The allegations contained in Paragraph 49 of the Complaint assert legal conclusions to which no response is required. To the extent an answer is necessary, Newsmax denies the allegations contained in Paragraph 49, denies that Plaintiff is entitled to bring this action on behalf of any class, and further denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

50. The allegations contained in Paragraph 50 assert legal conclusions to which no response is required. To the extent an answer is necessary, Newsmax denies that Plaintiff is entitled to bring this action on behalf of any class and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

51. Newsmax denies the allegations contained in Paragraph 51 of the Complaint.

## **FIRST CAUSE OF ACTION**

### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227(b))
### (On Behalf of Plaintiff and the Robocall Class)

52. For its response to Paragraph 52 of the Complaint, Newsmax incorporates by reference its responses to Paragraphs 1 to 51 of the Complaint as though fully set forth again in full.

53. Newsmax denies the allegations contained in Paragraph 53 of the Complaint.

54. Newsmax denies the allegations contained in Paragraph 54 of the Complaint.

55. Newsmax denies the allegations contained in Paragraph 55 of the Complaint.

56. Newsmax denies the allegations contained in Paragraph 56 of the Complaint.

## SECOND CAUSE OF ACTION

**Texas Business and Commerce Code
Violations of Texas Business and Commerce Code § 302.101
(On Behalf of Plaintiff and the Texas Business and Commerce Code Class)**

57.     For its response to Paragraph 57 of the Complaint, Newsmax incorporates by reference its responses to Paragraphs 1 through 56 as though set forth again in full.

58.     The Second Cause of Action has been dismissed (*See* Dkt. No. 19), and thus, no response is required. To the extent an answer is necessary, Newsmax denies the allegations contained in Paragraph 58 of the Complaint.

59. The Second Cause of Action has been dismissed (*See* Dkt. No. 19), and thus, no response is required. To the extent an answer is necessary, Newsmax denies the allegations contained in Paragraph 58 of the Complaint.

60.     The Second Cause of Action has been dismissed (*See* Dkt. No. 19), and thus, no response is required. To the extent an answer is necessary, Newsmax denies the allegations contained in Paragraph 58 of the Complaint.

## PRAYER FOR RELIEF

With respect to Plaintiff's unnumbered prayer for relief included at the conclusion of her Complaint:

A.     Newsmax denies that Plaintiff is entitled to an order certifying any class as sought in Paragraph A. Further, Newsmax denies that Plaintiff is entitled to bring this action on behalf of any class and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

B.     Newsmax denies that Plaintiff is entitled to appointment as representative of a purported class, as set out in Paragraph B. Further, Newsmax denies that Plaintiff is entitled to bring this action on behalf of any class and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

C. Newsmax denies that Plaintiff is entitled to any order appointing her attorneys as counsel for any class, as sought in Paragraph C. Further, Newsmax denies that Plaintiff is entitled to bring this action on behalf of any class and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

D. Newsmax denies that Plaintiff is entitled to any injunctive relief, as sought in Paragraph D.

E. Newsmax denies that Plaintiff is entitled to any award of damages, as sought in Paragraph E. Further, Newsmax denies that Plaintiff is entitled to bring this action on behalf of any class and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

F. Newsmax denies that Plaintiff is entitled to any further relief, as sought in Paragraph F.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted against Newsmax, and fails to state facts sufficient to entitle Plaintiff or each putative class member to the requested relief because Plaintiff did not receive a prerecorded message call as alleged. Rather, Plaintiff received a call from a live operator who, using their own live voice, offered Plaintiff the option to press a button on her cell phone's keypad in order to launch the message alleged in the Complaint.

2. Plaintiff's and each putative class member's claims for relief are barred because Plaintiff and each putative class member, rather than Newsmax, "made" or initiated the complained-of prerecorded message calls themselves by affirmatively pressing a button on her or their cell phones' keypads after a live call representative presented that option to them.

3. Plaintiff's and each putative class member's purported claims for relief are barred to the extent that they did not receive a prerecorded message from or on behalf of Newsmax.

4. Plaintiff's and each putative class member's claims for relief are barred because Plaintiff and each putative class member ratified, consented to, and approved the conduct of which Plaintiff and each putative class member now complain.

5. Plaintiff's and each putative class member's claims for relief are barred because Plaintiff and each putative class member lack standing to assert any claims against Newsmax as they have suffered no concrete and particularized invasion of a legally protected interest supporting a cognizable injury-in-fact.

6. Plaintiff's and each putative class member's claims for relief are barred by their failure to mitigate their damages.

7. Plaintiff's and each putative class member's claims for relief are barred by the doctrine of unclean hands, doctrine of waiver, estoppel, and/or release, based on what discovery may reveal.

8. Plaintiff's and each putative class member's purported claims for relief against Newsmax are barred to the extent that the third party that called and spoke with Plaintiff and the putative class members violated its contractual relationship with Newsmax to use a live call representative to conduct those conversations before Plaintiff and each putative class members themselves launched the prerecorded message alleged in the Complaint.

9. Plaintiff's and each putative class member's purported claims for injunctive relief are barred because Plaintiff and each putative class member cannot show that they have suffered or will suffer any irreparable harm or future harm from Newsmax's alleged actions.

10. Plaintiff's and each purported class member's purported claims for equitable relief, including but not limited to claims for an injunction, are barred because they have an adequate remedy at law.

11. To the extent that Plaintiff seeks enhanced and/or treble damages, it violates Newsmax's rights to protection against excessive fines, and equal protection and procedural and

substantive due process under the Fifth and Fourteenth Amendment to the U.S. Constitution, and, therefore, fails to state a basis upon which such damages may be awarded.

12. Plaintiff's and each putative class member's purported claims for relief are barred for failure to satisfy the criteria for class certification in accordance with Fed. R. Civ. P. 23.

13. Newsmax expressly reserves the right to raise additional affirmative defenses that may be established by discovery and the evidence in this case.

Wherefore, Newsmax requests that this Court enter a judgment as follows:

a. dismissing the Complaint in its entirety with prejudice;

b. awarding Newsmax its costs of suit, including reasonable attorneys' fees; and

c. other and further relief that this Court deems just and proper.

Dated: October 29, 2024

Respectfully submitted,

**STEPTOE LLP**

*/s/ Paul J. Stancil*
Paul J. Stancil
State Bar No. 00797488
14106 Rocksprings Court
Dallas, TX 75254
Telephone: (713) 221-2321
pstancil@steptoe.com

Daniel S. Blynn (admitted *pro hac vice*)
Emily C. Tifft (admitted *pro hac vice*)
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
dblynn@steptoe.com
etifft@steptoe.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 29, 2024, a copy of the foregoing document was electronically filed with the Clerk of the Court and served on all counsel of record via the CM/ECF system.

*/s/ Paul J. Stancil*
Paul J. Stancil