UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KIMBERLY STARLING, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br>v.<br><br>NEWSMAX MEDIA, INC.,<br><br>　　　　　　Defendant. | Case No. 4:24-cv-00797-O |

**AGREED MOTION TO AMEND THE SCHEDULING ORDER
AND FOR LEAVE TO MEDIATE REMOTELY**

Pursuant to Federal Rule of Civil Procedure 16(b)(4) and Sections 5(b) and 12 of the Scheduling Order (Dkt. No. 13) entered in this case, Plaintiff Kimberly Starling and Defendant Newsmax Media, Inc. ("Newsmax," and together with Plaintiff, "the Parties"), respectfully request that the Court amend the Scheduling Order by extending the deadlines set therein by approximately three months each, and, separately, grant them an exception to the Court's in-person mediation requirement and permit them to mediate remotely. In support of this Agreed Motion, the Parties state that good cause exists to grant the relief requested in this Agreed Motion as explained below.

1.　Plaintiff's Complaint (Dkt. No. 1) alleges that Newsmax violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by placing a prerecorded message call to her inviting her to take part in a telephonic poll relating to the then-recent criminal indictment filed against President Trump.[1]

2.　The Court issued its Scheduling Order on September 24, 2024. Among other

---

[1] The Complaint also alleged violation of the Texas Telemarketing Registration Act ("TTRA"), Tex. Bus. & Com. Code § 302.101. Newsmax filed a partial motion to dismiss the TTRA claim (Dkt. No. 16), and Plaintiff filed a notice of non-opposition to that motion (Dkt. No. 18). The Court dismissed the TTRA claim on October 15, 2024. *See* Order (Dkt. No. 19).

things, that Scheduling Order set a March 19, 2025 deadline for an in-person mediation. Scheduling Order § 5(a). However, the Scheduling Order allows for an exception to the mediation requirement: "If any party is unable to satisfy the Mediation Requirements in full, they may submit a motion to the Court requesting leave to be excused from the objectionable requirement(s) and showing good cause as to why they should be excused." *Id.* § 5(b).

3. The discovery taken to date suggests that this case may be a prime candidate for resolution through mediation because there is an open question of whether the Complaint's allegation that Plaintiff received an unsolicited prerecorded message from Newsmax is, in fact, correct. A third-party deposition has been noticed to take place on February 27, 2025, which is designed to elicit testimony on that very issue.

4. Newsmax's sole in-house counsel and other Newsmax executives are currently preparing for a high-visibility defamation trial set for April 28, 2025 in *US Dominion, Inc., et al. v. Newsmax Media, Inc*., No. N21C-08-063-EMD (Del. Super. Ct.), and are engaged in, among other things, extensive pre-trial preparation and dispositive motions practice. That trial is scheduled to last until late May 2025 and requires significant participation by Newsmax executives and its lone in-house counsel.

5. The Parties have agreed to mediate this dispute with the Honorable David E. Jones (Ret.), a mediator with whom counsel for both sides have successfully resolved TCPA cases through remote mediation in the past.

6. Indeed, Judge Jones, a former Magistrate Judge in the Eastern District of Wisconsin, has substantial experience successfully mediating putative TCPA class actions with the parties and their counsel appearing via Zoom or similar means, including approximately a dozen such cases over the past several years involving one or both of the Parties' counsel here.

Judge Jones is effective at resolving TCPA cases like this one through mediations conducted remotely.

7. Judge Jones' success rate in resolving TCPA cases through remote mediations—both in matters involving the Parties' counsel in this case as well as cases involving other attorneys—demonstrates that the normal concerns regarding remote mediation proceedings are minimal.[2]

8. Judge Jones has limited mediation availability before March 19, 2025. However, he does have availability throughout June 2025 and, in the interest of ensuring that that date remains available to the parties should the Court grant this Agreed Motion, the parties have reserved June 12, 2025 for mediation with Judge Jones.

9. Accordingly, between Newsmax's trial preparations and trial in the *US Dominion* case, and the Parties' record of resolving TCPA cases such as this through remote mediation with Judge Jones, which would allow for resolution of this case without the need for this Court's involvement, good cause exists to amend the Scheduling Order to extend all deadlines and, in particular, the current March 19, 2025 mediation deadline, and permit the Parties to mediate remotely with Judge Jones.

WHEREFORE, the Parties respectfully request that the Court enter an order amending the

---

[2] It also bears noting that the Parties and their respective attorneys are spread out across the country. While Plaintiff resides in this District, Plaintiff's lead counsel are based in Massachusetts and Pennsylvania; Newsmax is located in Florida; and Newsmax's counsel are based in Dallas, Texas and in Washington, DC. Judge Jones is physically located in Milwaukee, Wisconsin. Thus, there are significant travel and related costs associated with an in-person mediation. The Parties are aware that this Court denied an agreed motion to appear telephonically at mediation in *Peykoff, et al. v. Cawley, et al*. in October 2023. *See* No. 4:23-cv-00404-O, Order (Dkt. No. 17) (N.D. Tex. Oct. 19, 2023). The sole basis for that motion, however, was the costs associated with the parties' and mediator's travel for an in-person mediation, which the Court found not to constitute good cause. *Id*. While parallel facts exist here, those facts are neither the sole nor even the primary basis for this Agreed Motion.

Scheduling Order as proposed immediately below, extending the mediation deadline to June 19, 2025, and granting them an exception to the Court's in-person mediation requirement and permitting them to mediate remotely.

| Relevant Event | Current Deadline | Proposed Amended Deadline |
|---|---|---|
| Mediation | March 19, 2025 | June 19, 2025 |
| Completion of Discovery | April 18, 2025 | July 18, 2025 |
| Dispositive Motions | May 19, 2025 | August 19, 2025 |
| Pretrial Disclosures and Objections | August 6, 2025. Objections due 14 days thereafter. | November 6, 2025. Objections due 14 days thereafter. |
| Expert Objections | August 11, 2025 | November 11, 2025 |
| Pretrial Material (pretrial order, etc.) | August 21, 2025 | November 21, 2025 |
| Exchange of Exhibits | September 2, 2025 | December 2, 2025 |
| Pretrial Conference | To be set if necessary. | To be set if necessary. |
| Trial Date | September 15, 2025 | December 15, 2025 |

Dated: February 19, 2025

Respectfully submitted,

**STEPTOE LLP**

*/s/ Daniel S. Blynn*
Daniel S. Blynn (admitted *pro hac vice*)
Emily C. Tifft (admitted *pro hac vice*)
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
dblynn@steptoe.com
etifft@steptoe.com

Paul J. Stancil
State Bar No. 00797488

>14106 Rocksprings Court
>Dallas, TX 75254
>Telephone: (713) 221-2321
>pstancil@steptoe.com
>
>*Attorneys for Defendant*
>
>**LAW OFFICE OF SHARON K. CAMPBELL**
>
><u>*/s/ Sharon K. Campbell*</u>
>Sharon K. Campbell
>3500 Oak Lawn Ave, Suite 205
>Dallas, TX 75219
>Telephone: (214) 351-3260
>sharon@sharonkcampbell.com
>
>Anthony I Paronich
>Paronich Law PC
>350 Lincoln Street, Suite 2400
>Hingham, MA 02043
>Telephone: (617) 485-0018
>anthony@paronichlaw.com
>
>Andrew Roman Perrong
>Perrong Law LLC
>2657 Mt. Carmel Ave
>Glenside, PA 19038
>Telephone: (215) 225-5529
>Email: a@perronglaw.com
>
>*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 19, 2025, a copy of the foregoing document was electronically filed with the Clerk of the Court and served on all counsel of record via the CM/ECF system.

>*/s/ Daniel S. Blynn*_____
>Daniel S. Blynn